**UNITED STATES of America, Appellee,**

v.

**William B. MITCHELL,**
**Defendant–Appellant.**

**No. 1602, Docket 90–1596.**

United States Court of Appeals,
Second Circuit.

Argued March 26, 1991.

Decided May 2, 1991.

Kevin Candon, Rutland, Vt. (Candon and Butterfield, of counsel), for defendant-appellant.

John–Claude Charbonneau, Asst. U.S. Atty., Rutland, Vt. (George J. Terwilliger, III, U.S. Atty., D. Vt., David V. Kirby, Asst. U.S. Atty., of counsel), for appellee.

Before OAKES, Chief Judge, and TIMBERS and KEARSE, Circuit Judges.

PER CURIAM:

William Mitchell appeals from a judgment of the United States District Court for the District of Vermont, 745 F.Supp. 201, Franklin S. Billings, Jr., *Chief Judge*, convicting him of felony possession of a firearm in violation of 18 U.S.C. § 922(g). For the following reasons, we affirm.

William Mitchell is a young man who continuously has been in trouble with the law. Since 1981, he has been found guilty of at least nineteen criminal acts, including possession of stolen property, concealing stolen property, grand larceny, and three burglaries. The burglaries, which form the basis for this appeal, were of an auto body shop in June 1983, for which he was convicted in May 1985; of a private residence in January 1984, for which he was convicted in May 1984; and of another auto body shop in August 1984, for which he was convicted in January 1986.

In November 1988, Mitchell again ran into trouble with the law when he was arrested, prosecuted, and ultimately convicted for possession of an M–1 automatic rifle, in violation of 18 U.S.C. § 922(g).[1] At sentencing, the district court noted that, based on the substantive count, Mitchell's range under the Sentencing Guidelines would normally be between fifteen and twenty-one months' imprisonment. However, because Mitchell had three previous burglary convictions, the court concluded that it was required by 18 U.S.C. § 924(e)(1) to enhance the sentence to not less than fifteen years' imprisonment.[2] After registering its disapproval with this mandatory minimum, the court sentenced Mitchell to fifteen years in jail, to be followed by three years of supervised release. This appeal followed.

■ Mitchell's first claim is that enhancement of his sentence under section 924(e)(1) was improper because he had not been convicted for his first burglary until after he had been convicted for his second burglary. In essence, he is arguing that section 924(e)(1) only applies where a defendant both commits and is convicted for each predicate act before he commits and is convicted for the next act. We disagree.

The starting point in interpreting any statute is with the language itself. *See Lewis v. United States,* 445 U.S. 55, 60, 100 S.Ct. 915, 918, 63 L.Ed.2d 198 (1980). Section 924(e)(1) mandates a minimum sentence of fifteen years' imprisonment for any defendant who, before violating 18 U.S.C. § 922(g), has "three previous convictions by any court [for predicate offenses]

committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In our view, this language unambiguously requires that a defendant's three convictions stem from three, separate criminal episodes and does not suggest, much less require, that the criminal acts and prior convictions take place in any particular sequence. Given that no other language in the statute restricts or modifies its scope, we find that section 924(e)(1) does not require that a defendant's three criminal acts be punctuated by intervening convictions. *Accord United States v. Schoolcraft,* 879 F.2d 64, 74 (3d Cir.) (finding that the unambiguous language of section 924(e)(1) does not require that "the 'convictions' ... occur before the commission of the crime underlying a subsequent predicate conviction"), *cert. denied,* —— U.S. ——, 110 S.Ct. 546, 107 L.Ed.2d 543 (1989).[3] As a result, our inquiry is complete. *See Burlington Northern R.R. Co. v. Oklahoma Tax Comm'n,* 481 U.S. 454, 461, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987) (finding that, absent exceptional circumstances, judicial inquiry ends when the statute is unambiguous); *Tennessee Valley Authority v. Hill,* 437 U.S. 153, 184 n. 29, 98 S.Ct. 2279, 2296 n. 29, 57 L.Ed.2d 117 (1978) ("When confronted with a statute which is plain and unambiguous on its face, we ordinarily do not look to legislative history as a guide to its meaning.").

■ Appellant's only other claim— that fifteen years' imprisonment for violating 18 U.S.C. § 922(g) is cruel and unusual punishment—is readily dismissed. As we have recently stated, legislative determina-

---

1. Section 922(g), in relevant part, makes it unlawful for any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" to ship, transport, possess or receive a firearm that is in or affects interstate or foreign commerce. 18 U.S.C. § 922(g)(1) (1988).

2. Section 924(e)(1) provides in pertinent part: In the case of a person who violates section 922(g) of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1) (1988).

3. In *United States v. Balascsak,* 873 F.2d 673 (3d Cir.1989) (en banc), a plurality of the Third Circuit observed that the precursor statute to section 924(e)(1) was ambiguous because it did not specify that the "three previous convictions" had to occur on occasions different from one another. *See id.* at 678–79. That omission, however, created an ambiguity only with regard to whether the predicate acts had to occur on separate episodes, and not, as the Third Circuit later clarified, with regard to whether the predicate acts had to be separated by intervening convictions. *See Schoolcraft,* 879 F.2d at 73–74.

tions of terms of imprisonment are "primary and presumptively valid," and should be reviewed for disproportionality only in rare cases. *United States v. Gonzalez*, 922 F.2d 1044, 1053 (2d Cir.1991). We are dubious whether this is such a case. However, even upon scrutiny, we find no basis to conclude that section 924(e)(1) violates the Eighth Amendment. Although Mitchell's sentence is a severe punishment for felony gun possession, when viewed in the context of his three burglaries, it is no more severe than that found acceptable in *Rummel v. Estelle*, 445 U.S. 263, 285, 100 S.Ct. 1133, 1145, 63 L.Ed.2d 382 (1980) (upholding a mandatory life sentence with the eligibility of parole after twelve years for a defendant who had obtained $120.75 by false pretenses, and who had previously committed two similar crimes), and therefore does not constitute cruel and unusual punishment. *Accord United States v. Gilliard*, 847 F.2d 21, 27 (1st Cir.1988) (holding that the fifteen year minimum sentence imposed under section 924(e) does not violate the Eighth Amendment), *cert. denied*, 488 U.S. 1033, 109 S.Ct. 846, 102 L.Ed.2d 978 (1989).

Accordingly, the district court's judgment is affirmed.