**UNITED STATES of America,
Appellee,**

v.

**Cleve CARTER, Defendant–Appellant.**

**No. 03–1648.**

United States Court of Appeals,
Second Circuit.

Sept. 17, 2004.

Julian D. Schreibman, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Adam B. Seigel, Assis-

tant United States Attorney, on the brief), for Appellee.

Paul J. Angioletti, Staten Island, NY, for Defendant–Appellant.

Present: McLAUGHLIN, CALABRESI, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.**

Defendant-appellant Cleve Carter appeals his sentence for distributing, and possessing with intent to distribute, less than one gram of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C). Carter asserts that his sentence of 165 months' imprisonment violates the Eighth Amendment's proportionality principle. He further claims that his sentence violates the Sixth Amendment in light of *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

■ Carter's sentence was enhanced, consistent with the Sentencing Guidelines' career offender provisions, *see* U.S.S.G. § 4B1.1, to reflect his eight prior convictions, which include four felony convictions. He did not raise the issue of Eighth Amendment proportionality below, and so we review for plain error. *See, e.g., United States v. Brown*, 352 F.3d 654, 664 (2d Cir.2003) (plain error review requires (1) an error, (2) that was plain, (3) that affects defendant's substantial rights, and (4) that seriously affects the fairness, integrity, and public reputation of judicial proceedings).

It is hard for us to see, given our holdings in *United States v. Mitchell*, 932 F.2d 1027, 1028–29 (2d Cir.1991) (per curiam), and *United States v. Santos*, 64 F.3d 41, 46

(2d Cir.1995), *vacated on other grounds*, 516 U.S. 1156, 116 S.Ct. 1038, 134 L.Ed.2d 186 (1996), how a sentence of this sort, based as it is on his long record of recidivism, could be erroneous. Even if it were, the cases on which Carter relies, *see Ewing v. California*, 538 U.S. 11, 20–21, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (plurality), *Lockyer v. Andrade*, 538 U.S. 63, 72–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), and *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (plurality), create no basis whatsoever for viewing the error as plain.

■ Carter's Sixth Amendment challenge is also unavailing. In *United States v. Mincey*, 380 F.3d 102 (2d Cir.2004) (per curiam), our Circuit held that "[u]nless and until the Supreme Court rules otherwise, the law in this Circuit remains as stated" in prior cases upholding the validity of the Guidelines. *Id.* 380 F.3d at 106, *11. Following *Mincey*, we reject Carter's *Blakely*-based challenge to the constitutionality of the Guidelines and to the validity of his sentence.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, — U.S. —, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan*, — U.S. —, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until fourteen days following the Supreme

Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

We have considered all of Carter's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.