**UNITED STATES of America,
Appellee,**

v.

**Cleve CARTER, Defendant–Appellant.**

**No. 06–0645–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 26, 2006.

---

Rebecca Monck, Assistant United States Attorney, (Maria E. Douvas, Harry Sandick, Assistant United States Attorneys, of counsel, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Paul J. Angioletti, Staten Island, NY, for Defendant–Appellant.

Present: Hon. WILFRED FEINBERG, Hon. THOMAS J. MESKILL, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Cleve Carter appeals from an order declining to resentence entered on February 3, 2006 in the United States District Court for the Southern District of New York (Duffy, *J.*). On October 7, 2003, the district court sentenced Carter principally to a term of 165 months imprisonment, three years supervised release, and a $100 special assessment. The applicable Guidelines range was 151 to 188 months. We remanded the case for further proceedings in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *United States v. Carter*, 110 Fed. Appx. 165 (2d Cir.2004). On remand, the district court declined to alter its original sentence, stating that its "sentence would have been the same if issued under the law as enunciated in the *Booker*, *Fan[f]an* and *Crosby* decisions." The defendant appeals this order and argues that his sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review sentences, including those within the applicable Guidelines range, for reasonableness. *See United States v. Fernandez*, 443 F.3d 19, 25–26 (2d Cir.2006). "Our review of a sentence is akin to review for abuse of discretion, and thus we consider whether the sentencing judge exceeded the bounds of allowable discretion[,] ... committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." *United States v. Park*, 461 F.3d 245, 249 (2d Cir.2006) (internal quotation marks omitted).

Defendant argues that his sentence was substantively unreasonable. He argues that he should have received a lower sentence given the drug quantity involved and his character and personal history. Given defendant's criminal history, we cannot agree that a sentence of 165 months for selling two grains of heroin was unreasonable.

Defendant was sentenced as a career offender based on a 1989 breaking and entering and common law robbery conviction and 1993 convictions for common law robbery, burglary, and possession with intent to sell or deliver cocaine. There is no dispute that he committed these crimes. Although the sale in question in the instant case involved, as the government concedes, "a relatively small amount of heroin," that in itself does not make the sentence unreasonable, given that the statutory maximum

for the offense for felon recidivists is 30 years. 21 U.S.C. § 841(b)(1)(C). Carter's sentence reflects a congressional determination that repeat offenders receive sentences "far longer than those resulting from computation under the regular Guidelines provisions." *United States v. Richardson,* 923 F.2d 13, 15 (2d Cir.1991).

Given that Carter admits to having committed previous drug offenses and crimes of violence for which he served substantial sentences and which qualified him for career offender status and given that a psychologist determined that he clearly knew right from wrong, we cannot say that a sentence in the middle of the Guidelines range was unreasonable.

We have considered all of Carter's remaining arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED.**