

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2008

# USA v. Boswell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3360

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Boswell" (2008). *2008 Decisions.* Paper 772.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/772

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3360
_____

UNITED STATES OF AMERICA

v.

ROBERT ALLEN BOSWELL,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00353)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
July 3, 2008

Before:  RENDELL, SMITH and FISHER, *Circuit Judges.*

(Filed: July 30, 2008  )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Robert Allen Boswell pleaded guilty to one count of possession of a firearm by a

convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e).  The District Court

sentenced him to 180 months' imprisonment, and he now appeals. For the reasons that follow, we will affirm the judgment of the District Court.

I.

On March 6, 2006, a confidential informant provided a tip to a Harrisburg police officer that a man and woman were selling firearms at the Riviera Bar in Harrisburg, Pennsylvania. The informant told the officer that the man and woman possessed six guns, which were wrapped in blankets and stored in a metal shopping cart. When the police responded to the area, they found Robert Allen Boswell and Helene Mitchell, who matched the description given by the informant and had a cart containing two rifles and two shotguns.

On October 18, 2006, a grand jury indicted Boswell on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). Boswell pleaded guilty to that charge on December 27, 2006, and the District Court subsequently conducted a sentencing hearing. Utilizing the applicable United States Sentencing Guidelines ("Guidelines"), the District Court found that Boswell had a Guidelines range of 180 to 210 months' imprisonment. Additionally, it found that Boswell was subject to a mandatory minimum sentence of fifteen years' imprisonment pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). Boswell challenged the application of § 924(e), arguing that it constituted cruel and unusual punishment in violation of the Eighth Amendment, but the District Court rejected this argument. It sentenced Boswell to 180

2

months' imprisonment (fifteen years), a three-year term of supervised release, and a fine of $1,000. Boswell's timely appeal followed.

## II.

We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). Our review is plenary where, as here, the appeal raises a legal issue of constitutional interpretation. *United States v. Coleman*, 451 F.3d 154, 156 (3d Cir. 2006) (citation omitted).

## III.

Boswell argues that his sentence of fifteen years' imprisonment violates the Eighth Amendment protection against cruel and unusual punishment because the sentence is disproportionate to the crime he committed. The Eighth Amendment prohibits "cruel and unusual punishments," and it includes a "narrow proportionality principle" that "applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 22 (2003) (plurality opinion). For these proportionality challenges, we examine three factors: "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions." *United States v. MacEwan*, 445 F.3d 237, 247 (3d Cir. 2006) (internal quotation marks and citation omitted). In doing so, we give Congress "substantial deference," and thus, if the defendant fails to demonstrate that there is a gross

3

imbalance between the gravity of his offense and his sentence under the first factor, "our analysis is at an end." *Id.* at 247-48.

Applying the first factor to § 924(e), we cannot conclude that there is a gross imbalance between the gravity of the offense and the fifteen-year mandatory minimum sentence. Under section 924(e), the fifteen-year mandatory minimum sentence applies to those "who violate[d] [18 U.S.C. § 922(g)] and ha[ve] three previous convictions by any court referred to in [18 U.S.C. § 922(g)(1)] for a violent felony or a serious drug offense, or both, committed on occasions different from one another." The crime a defendant has committed under this section is serious as demonstrated in the present case: Boswell violated federal firearm laws by possessing a firearm, and he has an extensive criminal record, which includes several felony drug convictions. This conduct is no less grave than the conduct that defendants committed in similar cases. *See Ewing*, 538 U.S. at 28 (noting the seriousness of the defendant's crime, which was committing "felony grand theft . . . after previously having been convicted of at least two 'violent' or 'serious' felonies"); *MacEwan*, 445 F.3d at 249 (noting the seriousness of the defendant's crimes, which included twice violating federal anti-child pornography laws). The Supreme Court and this Court rejected those challenges just as we now reject Boswell's challenge to the Armed Career Criminal Act.

We cannot conclude that a sentence of fifteen years' imprisonment is grossly disproportionate to the seriousness of the offense under § 924(e).[1] *See Ewing*, 538 U.S. at 30 (holding that the defendant's sentence of twenty-five years to life imprisonment was not grossly disproportionate to his offense); *MacEwan*, 445 F.3d at 250 (holding that the defendant's mandatory minimum term of fifteen years' imprisonment was not grossly disproportionate to his offense). Thus, as there is no gross imbalance between Boswell's crime and his sentence, "our analysis is at an end," *MacEwan*, 445 F.3d at 248, and we will not consider the remaining two factors.

Therefore, we hold that the fifteen-year mandatory minimum sentence imposed under 18 U.S.C. § 924(e) is not a cruel and unusual punishment in violation of the Eighth Amendment. We note that our decision is in accord with several other Courts of Appeals. *See United States v. Collins*, 321 F.3d 691, 698-99 (8th Cir. 2003); *United States v. Johnson*, 22 F.3d 674, 683 (6th Cir. 1994); *United States v. Mitchell,* 932 F.2d 1027, 1028-29 (2d Cir. 1991); *United States v. Sanchez*, 859 F.2d 483, 486 (7th Cir. 1988); *United States v. Gilliard*, 847 F.2d 21, 27 (1st Cir. 1988).

IV.

Based on the foregoing, we will affirm the judgment of the District Court.

---

[1]To the extent that Boswell argues that his sentence is effectively a life sentence due to his health and age, and thus is disproportionate, we find this argument to be unavailing. *See MacEwan*, 445 F.3d at 249 & n.11 (rejecting the argument that "a de facto life sentence created by a statutory mandatory minimum term of years is a violation of the Eighth Amendment")