**UNITED STATES of America,**
**Appellee,**

v.

**Maurice WHIDBEE, also known as Maurke Whidbee, also known as Maurice M. Whidbee, also known as Maurcie M. Whidbee, Defendant–Appellant.**

No. 08–1612–cr.

United States Court of Appeals,
Second Circuit.

Jan. 21, 2009.

---

Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, N.Y., for Defendant–Appellant.

Steven L. Tiscione, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Defendant Maurice Whidbee appeals from a judgment of the district court, convicting him, after a jury trial, of one count of possession of a firearm after a conviction for a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and sentencing him principally to 182 months' imprisonment. We assume the parties' familiarity with the facts and procedural history of the case.

On appeal, Whidbee argues that his sentence is cruel and unusual, in violation of the Eighth Amendment, because of his diminished capacity.

"The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime." *United States v. Rivera*, 546 F.3d 245, 254–55 (2d Cir.2008) (internal quotation marks omitted). We have previously rejected an argument that the mandatory minimum provided by 18 U.S.C. § 924(e)(1) is grossly disproportionate as applied to a defendant with three prior burglary convictions. *See United States v. Mitchell*, 932 F.2d 1027, 1028–29 (2d Cir.1991); *see also United States v. Gamble*, 388 F.3d 74, 77 (2d Cir.2004) (per curiam).

Whidbee has identified no persuasive distinction between the facts presented in *Mitchell* and *Gamble* and the facts presented by his case. Relying on *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), he argues that "a penalty that in general is not disproportionate can be grossly disproportionate when applied to an offender who is mentally deficient." *Atkins*, however, does not support Whidbee's argument because *Atkins* addressed a capital sentence. Capital sentences are treated differently under the Eighth Amendment. *See Harmelin v. Michigan*, 501 U.S. 957, 994–96, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (rejecting the argument that "it is 'cruel and unusual' to impose a mandatory sentence of [life imprisonment without parole], without any consideration of so-called mitigating factors" and refusing to extend the "individualized capital sentencing doctrine" to non-capital sentences because of the "qualitative difference between death and all other penalties"). In consequence, Whidbee's non-capital sentence "cannot be compared with death." *Id.* at 996, 111 S.Ct. 2680.

Whidbee's instant conviction is for concealed possession of an unloaded, high-powered rifle with a sniper scope on the public streets of Brooklyn. He has numerous prior convictions, including three convictions for violent felonies, and many of his prior convictions involved the use of a firearm. In light of the gravity of Whidbee's offense and his recidivist nature, and consistent with our decisions in *Mitchell* and *Gamble*, we cannot draw "an inference of gross disproportionality" from the sentence imposed in this case. *Harmelin*, 501 U.S. at 1005, 111 S.Ct. 2680 (Kennedy, *J.*, concurring).

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.