**UNITED STATES of America,
Appellee,**

v.

**Willie J. GAMBLE, Defendant–
Appellant.**

**No. 03–1417.**

United States Court of Appeals,
Second Circuit.

Argued May 10, 2004.

Decided Oct. 29, 2004.

Robert A. Napier, Napier & Napier, Rochester, NY, for defendant-appellant.

Stephan J. Baczynski, Assistant United States Attorney (Michael A. Battle, United States Attorney for the Western District of New York, Bret A. Puscheck, Assistant United States Attorney, on the brief), Buffalo, NY, for appellee.

Before: WALKER, Chief Judge,
OAKES and POOLER, Circuit Judges.

PER CURIAM.

Plaintiff-appellant Willie J. Gamble appeals from the June 30, 2003 judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*) convicting him of one count of possession with intent to distribute cocaine base and one count of unlawful possession of ammunition by a career criminal. The district judge entered judgment following a bench trial, then sentenced Gamble principally to 216 months' imprisonment. We affirm.

The pertinent undisputed facts are as follows:

In the fall of 2000, Gamble lived in a one-bedroom apartment in Rochester, New York. A neighbor who testified at Gamble's trial noticed heavy foot traffic to and from Gamble's apartment several evenings a week. Many of these visitors stayed only five minutes.

On October 6, 2000, the Rochester Police Department executed a search warrant at Gamble's apartment. The warrant was supported by an affidavit in which a Rochester police officer swore that a confidential informant had made two controlled purchases of cocaine at the premises under the direction and surveillance of the officer. It authorized a search for drugs and drug paraphernalia.

When the officers arrived at the apartment, Gamble fled to the bathroom, closed the door, and tried to flush a film cannister down the toilet. The officers retrieved the cannister, which contained twenty-six small pink zip-lock bags holding, in the aggregate, 1.7 grams of cocaine base with a purity of 79 percent. Upon further

search of the apartment, the officers found hundreds of empty zip-lock bags like those in which the crack cocaine had been packaged. They also found, in the dresser drawer of Gamble's bedroom, an ammunition clip containing six live rounds. No pipes, cigarettes, cooking implements, or other paraphernalia normally associated with personal drug use were found.

A month after the search, a federal grand jury in the Western District of New York returned a two-count indictment charging Gamble with possession of a detectable amount of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and unlawful possession of ammunition by a career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On March 8, 2001, Gamble moved to suppress the evidence of the ammunition clip that had been seized from his apartment during the October 2000 search, on the theory that the clip was outside the scope of the warrant. After conducting a suppression hearing, a magistrate judge in the United States District Court for the Western District of New York recommended denial of the motion on the ground that seizure of the ammunition clip was proper under the "plain view" exception to the Fourth Amendment warrant requirement. The district court adopted the magistrate judge's recommendation.

Gamble waived his right to a jury trial, and the district court conducted a seven-day bench trial. On September 18, 2001, the district court announced that it had found Gamble guilty on both counts of the indictment. On June 23, 2003, the court sentenced Gamble to 216 months' impris-

onment. The sentence would have been much shorter but for the district court's application of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which mandates a fifteen-year minimum sentence for a defendant who has violated 18 U.S.C. § 922(g) and has three prior convictions for violent felonies or serious drug offenses.[1] Gamble's criminal record reveals three prior convictions for third degree burglary, one prior conviction for second degree assault, and one prior conviction for third degree intimidation of a victim or witness.

Gamble raises three arguments on appeal. First, he contends that the district court erred in refusing to suppress evidence of the ammunition clip obtained during a search of his apartment. Second, he argues that the evidence at trial was insufficient to sustain a conviction for possession with intent to distribute cocaine base. Finally, he claims that his sentence was imposed in violation of the Eighth Amendment to the United States Constitution. None of these arguments has any merit.

■■■ First, the district court properly concluded that the "plain view" exception to the warrant requirement permitted law enforcement officers to seize the ammunition clip found in Gamble's dresser drawer. The "plain view" exception " 'authorizes seizure of illegal or evidentiary items visible to a police officer whose access to the object has some prior Fourth Amendment justification and who has probable cause to suspect that the item is connected with criminal activity.' " *United States v. Martin,* 157 F.3d 46, 54 (2d Cir.1998) (quoting *Illinois v. Andreas,* 463 U.S. 765, 771, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983)). The

---

1. Section 924(e)(1) provides:
   In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

officers in this case had a Fourth Amendment justification for searching the contents of Gamble's drawer because they had a warrant authorizing them to search for and seize cocaine and drug paraphernalia—items that could plausibly be found in a dresser drawer. And there is no dispute that the ammunition clip was found in plain view in the drawer. Finally, the officers had probable cause to believe that the ammunition clip was connected with criminal activity because ammunition is a recognized tool of the drug-dealing trade. *See United States v. Becerra*, 97 F.3d 669, 671–72 (2d Cir.1996); *United States v. Vegas*, 27 F.3d 773, 778 (2d Cir.1994); *United States v. Cooper*, 19 F.3d 1154, 1163 (7th Cir.1994).

■ Second, we conclude that there was sufficient evidence to sustain Gamble's conviction for possession of cocaine base with intent to distribute. Law enforcement officers found 1.7 grams of cocaine base (with a purity of 79 percent), packaged in twenty-six zip-lock bags, at Gamble's apartment, along with hundreds of empty zip-lock bags like those in which the cocaine base had been packaged. The Government also presented evidence of an unusually high volume of pedestrian traffic at Gamble's apartment in the weeks preceding the search, and demonstrated an absence of any indication that Gamble smoked or otherwise ingested the cocaine base himself. Although a small amount of drugs, without more, is insufficient to show that the defendant intended to distribute drugs, *see United States v. Boissoneault*, 926 F.2d 230, 234 (2d Cir.1991), there was ample other evidence in this case to prove an intent to distribute. Accordingly, we affirm the conviction.

■ Finally, we reject Gamble's argument that his sentence was imposed in violation of the Eighth Amendment. The district court concluded that, pursuant to a provision of the Armed Career Criminal Act, codified at 18 U.S.C. § 924(e)(1), Gamble was subject to an enhanced Sentencing Guidelines range of 235 to 293 months' imprisonment. *See* United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 4B1.4 (setting forth applicable offense levels for defendants subject to 18 U.S.C. § 924(e)(1)). The court departed downward two levels (one vertical and one horizontal), which yielded a Guidelines range of 188 to 235 months' imprisonment. Finally, the court sentenced Gamble to 216 months' imprisonment. Gamble does not take issue with the district court's application of the Guidelines. Rather, he argues that the 216–month sentence imposed is unconstitutionally harsh; he points out that, absent application of the Armed Career Criminal Act, his sentencing range would have been 70 to 87 months' imprisonment. This argument, however, is foreclosed by *United States v. Mitchell*, 932 F.2d 1027, 1028–29 (2d Cir. 1991), in which we held that 18 U.S.C. § 924(e) was not unconstitutional as applied to a defendant with three prior burglary convictions. Gamble's own criminal record, which also features three burglary convictions, at least rivals that of the defendant in *Mitchell*, and the Supreme Court has long recognized the propriety under the Eighth Amendment of subjecting recidivists to enhanced penalties. *See, e.g., Rummel v. Estelle*, 445 U.S. 263, 285, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

### BLAKELY ISSUES

■ While this case was pending before us, the Supreme Court issued its decision in *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *Blakely* may have an impact on the United States Sentencing Guidelines generally and on Gamble's sentence in particular. We have recently held, however, that, until

the Supreme Court instructs otherwise (as it will have the opportunity to do when it considers the arguments in *United States v. Booker,* No. 04–104, and *United States v. Fanfan,* No. 04–105), we will assume that *Blakely* does not affect the Guidelines and, accordingly, that all sentences imposed in accordance with the Guidelines are valid. *See United States v. Mincey,* 380 F.3d 102, 106 (2d Cir.2004).

Notwithstanding the foregoing, the mandate in this case will be held pending the Supreme Court's decision in *Booker* and *Fanfan.* Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

## CONCLUSION

For the reasons set forth above, the judgment of the district court is hereby AF-FIRMED.