UNITED STATES of America,
Appellee,

v.

Christopher HOOVER, Defendant–
Appellant.

No. 04–4830–CR.

United States Court of Appeals,
Second Circuit.

Oct. 24, 2005.

James P. Kennedy, Jr., Assistant United States, Attorney (Kathleen M., Mehltretter, Acting United, States Attorney for the Western District of New, York, on the brief), Buffalo, New York, for Appellee.

Donald M. Thompson, Rochester, New York, for Defendant–Appellant.

Present: WALKER, Chief Judge, WESLEY, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant-appellant appeals a conviction by jury verdict entered September 3, 2004, (Charles J. Siragusa, *Judge*) of a four-count indictment for drugs and weapons charges related to a drug raid on his Rochester, New York, apartment. The trial judge rejected defendant's pre-trial motion to exclude the firearms discovered during a search of defendant's van, which was located behind his apartment. During jury selection, defendant raised *Batson* race-based challenges to two black veniremen excluded peremptorily by the government. The trial judge held hearings in both cases and denied both claims, crediting the government's non-racial explanation for their dismissal. Defendant was convicted on all four counts and was sentenced to 180 months's imprisonment.

Using information from a confidential informant, Rochester police executed a search warrant on an apartment in Rochester, New York. The warrant authorized the search of the apartment for drugs, drug-related evidence, and firearms and ammunition. It also specifically authorized a search of any storage areas and curtilage. Upon executing the warrant, police found defendant and Lamont Ware, Louis Kelly, and Ricky Morgan. All were arrested. Officers discovered both drug and weapons evidence in the apartment. They then proceeded to the backyard of the apartment. Shining a flashlight in the window of one of the several cars parked in the area, officers saw the butt end and barrel of a gun. Using keys discovered inside the apartment during the search, they opened the door and seized the rifle, along with other weapons.

As error, defendant alleges that 1) the weapons discovered during the search of the van should have been suppressed as in violation of his Fourth Amendment rights; 2) that the court should have upheld his *Batson* challenges, *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); 3) that the government should have been required to grant immunity to Kelly and Morgan, who would have offered exculpatory evidence; and 4) that Kelly's out-of-court statement exculpating defendant should have been admitted under Federal Rule of Evidence 804(b)(3).

Defendant's Fourth Amendment claim must be rejected. If the van was parked within the curtilage of the apartment, as the trial judge found, then the warrant explicitly authorized such a search. The plain-view exception then applies, since police had a lawful right of

access to the location where they viewed evidence of a facially incriminating nature. *See Minnesota v. Dickerson,* 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993); *United States v. Gamble,* 388 F.3d 74, 77 (2d Cir.2004) (weapons and ammunition are known tools of the drug trade). Even if the van was outside the curtilage, then defendant's claim still fails. Defendant has no reasonable expectation of privacy from others viewing his van when parked in a multi-user parking lot. *See United States v. Fields,* 113 F.3d 313, 321 (2d Cir.1997); *United States v. Holland,* 755 F.2d 253, 255 (2d Cir.1985). Without a reasonable expectation of privacy in the area searched, defendant has no Fourth Amendment claim. *See Minnesota v. Carter,* 525 U.S. 83, 88, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998).

■ Defendant's two *Batson* challenges are also without merit. In each case, after an evidentiary hearing, the district court credited the government's non-racial reasons for the challenges. One venireman was excluded for repeatedly failing to tell the court that her son was arrested for a very similar offense, and the other had a relative in prison for a drug crime. While other veniremen also had drug-related issues, they did not compare to those of the two that were excluded.

■ The courts of this circuit have never granted defense-witness immunity, but this court has held that it is possible in certain limited circumstances. *See United States v. Turkish,* 623 F.2d 769, 772, 777 (2d Cir.1980). However, where the witness is an actual or potential target of criminal prosecution, the government may refuse to grant such immunity. *Id.* at 778. Both proffered witnesses, Morgan and Kelly, were arrested with defendant and potentially faced the same charges. Moreover, defendant cannot point to the kind of discriminatory grants of immunity or prosecutorial overreaching that other circuits have held might require grants of immunity to be given. *See, e.g., United States v. Angiulo,* 897 F.2d 1169, 1192 (1st Cir. 1990).

■ Lastly, defendant argues that the out-of-court statement of Kelly should have been admitted as a statement against penal interest. *See* Fed.R.Evid. 804(b)(3). Evidentiary rulings are reviewed for abuse of discretion. *See United States v. Yousef,* 327 F.3d 56, 156 (2d Cir.2003) (per curiam). The district court reasonably found that defendant had not met the requirements of the rule because Kelly, whose state charges had been dismissed, likely did not know he was still subject to criminal sanctions and because defendant could offer no evidence supporting the credibility of either Kelly or his allegedly exculpatory statements. Kelly was a business associate and personal relation of defendant. His motivation for lying was manifest.

For the reasons set forth above, the decision of the District Court of the Western District of New York is hereby **AFFIRMED.**