UNITED STATES of America,
Appellee,

v.

Willie J. GAMBLE, Defendant–
Appellant.

No. 06–0244.

United States Court of Appeals,
Second Circuit.

Nov. 8, 2006.

Robert A. Napier, Napier & Napier, Rochester, New York, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney for the Western District of New York, (Terrance P. Flynn, United States Attorney for the Western District of New York, on the brief), Buffalo, New York, for Appellee, of counsel.

PRESENT: Hon. ROGER J. MINER, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

On September 18, 2001, defendant-appellant was convicted, following a bench trial, of violating 21 U.S.C. §§ 841(a)(1), (b)(1)(C), possession of a detectable amount of cocaine base with intent to distribute, and 18 U.S.C. §§ 922(g)(1), 924(a)(2), unlawful possession of ammunition by a career criminal. After finding that Gamble was an Armed Career Criminal under 18 U.S.C. § 924(e), the district court imposed a sentence of, *inter alia*, 216 months incarceration. On October 29, 2004, we affirmed Gamble's conviction, *United States v. Gamble*, 388 F.3d 74 (2d Cir.2004), but later remanded his sentence for reconsideration pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). On January 5, 2006, the district court reaffirmed its original sentence. Gamble now appeals, arguing (1) that his sentence is unreasonable and (2) that the district judge engaged in impermissible fact finding in violation of the Sixth Amendment.

We review sentences for "unreasonableness." *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (internal quotation marks and alteration omitted). Reasonableness review has both substantive and procedural dimensions. *See Crosby*, 397 F.3d at 114. Substantive reasonableness examines "whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir.2006). Procedural reasonableness examines whether the district court correctly "(a) identified the Guidelines range supported by facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other [§ 3553(a) ] factors." *Id.* at 131.

■ Gamble argues that his sentence is substantively unreasonable because the evidence at trial established possession of an "extremely small quantity of drugs and ammunition"—1.7 grams of crack cocaine and 6 bullets—and because, absent the Armed Career Criminal enhancement, his Guidelines range would have been substantially less. But Gamble does not challenge his eligibility for sentencing as an Armed Career Criminal, and the district court adequately responded to Gamble's complaint about the severity of such a sentence by downwardly departing one point in both Gamble's total offense level and his criminal history category. The district court acted well within its discretion in imposing a sentence in the middle of the Guideline range.

■ Gamble also contends his sentence is procedurally unreasonable because the district court failed to consider properly the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(6). But "[t]he weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir.2006).

■ Finally, Gamble argues the district court engaged in impermissible fact finding in violation of the Sixth Amendment when it considered Gamble's alleged perjury at a post-trial hearing. Because we have repeatedly upheld district courts' ability to "resolve disputed facts by a preponderance of the evidence when arriving at a guidelines sentence" following *Booker*, *United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir.2005); *see also Crosby*, 397 F.3d at 112, this argument is without merit.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.