**UNITED STATES of America,**
**Appellee,**

v.

**Omar JARVIS, Defendant–Appellant.**

**No. 06–0589–cr.**

United States Court of Appeals,
Second Circuit.

June 12, 2007.

M. Kirk Okay, Batavia, NY, for Defendant–Appellant.

Bradley E. Tyler, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, for Government–Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RALPH K. WINTER, Circuit Judges, Hon. LOUIS F. OBERDORFER,* District Judge.

## SUMMARY ORDER

Defendant–Appellant Omar Jarvis appeals from a judgment of conviction entered by the United States District Court for the Western District of New York (Siragusa, *J.*). Jarvis was found guilty of possession of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), possession of a handgun in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c), possession of a firearm after a prior felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). We assume familiarity with the underlying facts and procedural history.

On appeal, Jarvis claims that evidence was improperly admitted at his trial. Specifically, he contends that the district court should have suppressed or excluded from evidence (1) firearms seized from 330 Emerson Street that were not adequately described in the search warrant and were thus the fruit of an unreasonable search, in violation of the Fourth Amendment; (2) Jarvis's written statement, which was obtained after he claims to have invoked his right to silence at the interrogation, in

violation of the Fifth Amendment and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and (3) the testimony of Special Agent Lewer regarding the involvement of informants who did not testify at trial, in violation of the Sixth Amendment's Confrontation Clause.

*Firearms Seized at 330 Emerson Street*

■ As a preliminary matter, the government argues that Jarvis has waived his right to appeal the validity of the search and seizure of firearms because such a motion was not made prior to the commencement of trial as required by Fed. R. Crim. P. 12(b)(3)(C). Jarvis did, however, move prior to trial to suppress the evidence in question, specifically contending that "the search warrant provides no particulars as to the items to be seized." Accordingly, we find no waiver.

■ Although the affidavit in support of the search warrant requested authority to search for firearms and "any evidence that tends to demonstrate criminal possession of [a] weapon," it is undisputed that the warrant itself did not give the executing officers authority to search and seize firearms. Nevertheless, the seizure of the firearms was proper under the "plain view" exception to the warrant requirement. The "plain view" exception "authorizes seizure of illegal or evidentiary items visible to a police officer whose access to the object has some prior Fourth Amendment justification and who has probable cause to suspect the item is connected with criminal activity." *Illinois v. Andreas*, 463 U.S. 765, 771, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983); *see also United States v. Gamble*, 388 F.3d 74, 76 (2d Cir.2004). Here, the officers were authorized by the

---

* The Honorable Louis F. Oberdorfer, Senior District Judge, United States District Court for the District of Columbia, sitting by designation.

warrant to search for and to seize marijuana and paraphernalia associated with drug trafficking. The officers also had probable cause to believe that the firearms found in a blue bag on the premises were connected to the drug trafficking and were possessed illegally in light of Jarvis's prior felony conviction. *See United States v. Becerra,* 97 F.3d 669, 671–72 (2d Cir.1996) (stating that firearms are common tools of the drug dealing trade); 18 U.S.C. § 922(g). In light of the "plain view" exception, the firearms were properly seized.

### Jarvis's Statements

■ Jarvis argues that the district court erred in admitting statements made during his interrogation because he claims they were the result of improper questioning by officials after he had invoked his right to silence. Jarvis was not interrogated at the time of his arrest or while being transported to the Rochester Public Safety Building by Agent Lewer. Upon arriving at the Building, Jarvis was permitted to use the restroom and left alone for a short period. When Agent Lewer and a Rochester Police Investigator returned, they explained to Jarvis why he had been arrested and asked if he was under the influence of any narcotic, to which Jarvis responded in the negative. Jarvis was then advised of his right to remain silent and his right to an attorney. In the questioning that followed, Jarvis responded to some questions *(e.g.,* where he lived) but not others *(e.g.,* whether the firearms found at 330 Emerson belonged to him). The officers left Jarvis alone for about an hour to question his mother and sister. When they returned and advised Jarvis of what they had learned in those interviews, Jarvis confessed to selling marijuana from 330 Emerson and possessing the firearms. Jarvis then signed a written statement,

prepared and read to Jarvis by Agent Lewer and corrected by Jarvis. Jarvis's *Miranda* rights were printed at the top of the first page of the statement.

We do not view Jarvis's conduct—responding to some questions while not responding to others—as an invocation of the right to remain silent. *See, e.g., Bradley v. Meachum,* 918 F.2d 338, 342–43 (2d Cir. 1990); *United States v. Lorenzo,* 570 F.2d 294, 298 (9th Cir.1978) (intermittent silences in response to questions does not invoke earlier waiver of right). Nor is there any evidence in the record that Jarvis's answers and the written statement were involuntary or coerced. *See, e.g., Parsad v. Greiner,* 337 F.3d 175 (2d Cir. 2003). Contrary to his argument at the suppression hearing, Jarvis explicitly denied being under the influence of any narcotic, did not request medical attention, and the officials did not observe any behavior or symptoms indicating that Jarvis was intoxicated or did not understand the nature of the questioning or his responses. Therefore, the district court did not err in admitting Jarvis's statements.

### Agent Lewer's Testimony

■ Relying on *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), Jarvis argues that the district court violated the Confrontation Clause by permitting Agent Lewer to testify at trial to out-of-court statements of informants used to assist with the search warrant application. In *Crawford,* the Supreme Court held that the Confrontation Clause bars the admission of out of court statements that are "testimonial," including statements elicited during police interrogations. 541 U.S. at 51–53, 124 S.Ct. 1354; *see also United States v. Saget,* 377 F.3d 223, 229 (2d Cir.2004) (statements that a declarant reasonably expects might

be used in future judicial proceedings are testimonial). However, *Crawford* expressly reiterated that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." 541 U.S. at 59 n. 9, 124 S.Ct. 1354.

Here, Agent Lewer's testimony about what the informants involvement—what they had done, not what they specifically said—was elicited during cross-examination by Jarvis's counsel, not the government, and was not presented for the truth of the matter asserted (*i.e.*, the presence of drugs and firearms) at trial. Rather, Agent Lewer was responding to defense counsel's questions about whether the information obtained from the informants was used as the basis for the search warrant application. Accordingly, we conclude that no violation of the Confrontation Clause occurred.

### CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment of conviction.