**UNITED STATES of America,**
**Appellee,**

v.

**Vito FORESTIER, Defendant–**
**Appellant.**

**No. 07–4261–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 7, 2008.

Michael English, Assistant United States Attorney (Cathy Seibel, First Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Vito Forestier appeals from a judgment of conviction entered on October 2, 2007, following a four-day jury trial held in the United States District Court for the Southern District of New York (Karas, *J.* ). On appeal, Forestier argues that the evidence was insufficient to support his convictions for (1) distributing or possessing with intent to distribute heroin in violation of 21 U.S.C. § 812, 841(a)(1), and 841(b)(1)(C); and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

"A defendant challenging the sufficiency of trial evidence bears a heavy burden, and the reviewing court must view the evidence presented in the light most favorable to the government and draw all reasonable inferences in the government's favor." *United States v. Gagliardi,* 506 F.3d 140, 149 (2d Cir.2007) (internal quotation marks omitted).

Forestier contends that the evidence was not sufficient to support the jury's conclusion that he intended to distribute the small amount of heroin found on his person. It is true that "a small amount of drugs, without more, is insufficient to show that the defendant intended to distribute drugs." *United States v. Gamble,* 388 F.3d 74, 77 (2d Cir.2004) (per curiam). But it is also true that "any amount of drugs, however small, will support a conviction when there is additional evidence of intent to distribute." *United States v. Martinez,* 54 F.3d 1040, 1043 (2d Cir.1995). When Forestier was arrested, he had not only the heroin—which was divided into 43 separate glassines—but a loaded gun, a bulletproof vest, a large amount of cash, and four cell phones, two of which contained a phone number labeled "phone tap" which a DEA agent testified was often used by drug dealers. We must view this evidence "not in isolation but in conjunction," *United States v. Diaz,* 176 F.3d 52, 89 (2d Cir.1999), directing our inquiry "to the totality of the government's case and not to each element, as each fact may gain color from others." *United States v. Guadagna,* 183 F.3d 122, 130 (2d Cir.1999). Doing so in this case, we find that the evidence was sufficient to support Forestier's convictions.

We have considered all of Defendant–Appellant's arguments and found them to be without merit. We therefore AFFIRM the convictions.