11-2390 (L), 11-4456, 11-5204
United States v. Hammett, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of February, two thousand fourteen.

Present:     AMALYA L. KEARSE,
            ROSEMARY S. POOLER,
            REENA RAGGI,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            -v-                              11-2390-cr(L), 11-4456, 11-5204

GAVIN HAMMETT, AKA G, AKA SILK,
CHARLES HANDY, AKA PACO, AKA CHUMLEY,

                    *Defendants-Appellants*.

_____

Appearing for Appellants:     Deirdre A. Murray, Assistant Federal Public Defender (Terence S. Ward, Federal Defender for the District of Connecticut, Ronald B. Resetarits, former Assistant Federal Public Defender, *on the brief*) Hartford, CT, *for* Gavin Hammett.

                              Sebastian O. DeSantis, New London, CT, *for* Charles Handy.

Appearing for Appellee:     Robert M. Spector, Assistant United States Attorney, New Haven CT (David B. Fein, United States Attorney for the District of Connecticut, Harold H. Chen, Bridgeport, CT, and Sandra S. Glover, New Haven, CT, Assistant United States Attorneys, *on the brief*).

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of said District Court be and they hereby are **AFFIRMED**.

Defendant-Appellant Charles Handy was convicted of conspiracy to distribute and to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (Count 2), and two counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) (Counts 3 and 5). Handy now appeals from the April 5, 2011 decision of the district court denying his motion to suppress evidence. He also argues that there was insufficient evidence to support his conviction. In addition, he originally appealed from the district court's denial of his ex parte motions for funds under the Criminal Justice Act, 18 U.S.C. § 3006A(e), but withdrew that portion of his appeal at oral argument.

Defendant-Appellant Gavin Hammett pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). He was sentenced principally to 240 months of imprisonment. On appeal, Hammett asserts that his sentence is substantively unreasonable.

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

**I. Handy**

The district court properly denied Handy's motion to suppress evidence based on the plain view exception to the Fourth Amendment's warrant requirement. "'On an appeal from a district court's ruling on a motion to suppress evidence, we review the court's factual findings for clear error, viewing the evidence in the light most favorable to the government. The district court's legal conclusions are reviewed *de novo*.'" *United States v. Edelman*, 726 F.3d 305, 308 (2d Cir. 2013) (quoting *United States v. Ivezaj*, 568 F.3d 88, 96 (2d Cir. 2009)). Under the plain view doctrine, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993); *see also United States v. Gamble*, 388 F.3d 74, 76 (2d Cir. 2004). The plain view doctrine requires that officers have probable cause to seize the item that is in plain view. *See Arizona v. Hicks*, 480 U.S. 321, 326, 328 (1987).

The district court did not clearly err in crediting Officer Richard Gasparino's testimony that when he observed the red bag at issue in this case it was located next to Handy on the bed and was open with a digital scale exposed. Based on all of the facts that were available to the officers at the time that they entered the bedroom where Handy was arrested, there was probable cause to seize the digital scale as evidence of a drug crime. Once the scale was lawfully seized, the other items in the red bag came into plain view and there was also probable cause to seize them as possible evidence of a crime.

Next, based on the evidence in this case, Handy's conviction on all three counts does not constitute plain error or manifest injustice. Given that Handy filed a motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure at the close of the government's case, but failed to renew that motion after the close of all evidence, we review Handy's challenge to the sufficiency of the evidence for plain error or manifest injustice. *See United States v. Finley*, 245 F.3d 199, 202 (2d Cir. 2001) (stating that the standard of review where a defendant fails to renew his motion for acquittal is "plain error or manifest injustice").

Handy argues that under the "buyer-seller" rule, he merely bought drugs from Hammett for his own use and that there was insufficient evidence that he was a co-conspirator in the drug distribution operation. "Under this rule, notwithstanding that a seller and a buyer agree together that they will cooperate to accomplish an illegal transfer of drugs, the objective to transfer the drugs from the seller to the buyer cannot serve as the basis for a charge of conspiracy to transfer drugs." *United States v. Parker*, 554 F.3d 230, 234 (2d Cir. 2009); *see also United States v. Hawkins*, 547 F.3d 66, 71–72 (2d Cir. 2008). However, "the rule does not protect either the seller or buyer from a charge they conspired together to transfer drugs if the evidence supports a finding that they shared a conspiratorial purpose to advance other transfers, whether by the seller or by the buyer." *Parker*, 554 F.3d at 235. In this case, Handy and Hammett were in frequent communication and participated in standardized weekly transactions of large quantities of drugs, which involved a fair degree of trust. Based on the evidence concerning the drug-dealing relationship between Handy and Hammett, the jury could rationally infer that Handy had a stake in promoting the illegal distribution of crack cocaine, in violation of 21 U.S.C. § 846 (Count 2), and it was not plain error for the district court not to set aside the verdict.

Nor was it irrational for the jury to find Handy guilty of possession with intent to distribute crack cocaine on or around May 10, 2010 (Count 3) and June 17, 2010 (Count 5), in violation of 21 U.S.C. § 841(a)(1). On May 10, 2010, the day of the traffic stop, Handy had just purchased 28 grams of crack from Hammett's operation, which the jury could have found was an amount that would be used for resale and not personal use. On June 17, 2010, the day of Handy's arrest, he was found counting a substantial amount of cash and with a quantity of drugs consistent with drug dealing. He was also found with a digital scale and two cell phones, which are tools that drug dealers often possess.

## II. Hammett

Hammett's sentence is not substantively unreasonable. At the sentencing hearing, the district court recognized Hammett's personal history and the characteristics which Hammett believes the district court should have afforded more weight in calculating his sentence. The district court determined, appropriately, that Hammett's distribution of substantial amounts of powder cocaine and crack cocaine was a very serious offense, warranting a severe sentence. The court also acted within its discretion by basing the length of Hammett's sentence on the fact that his prior federal sentence of 105 months of incarceration had not sufficiently deterred him. The district court agreed with Hammett that the 1:1 crack/powder cocaine ratio should apply in this case and that Hammett should not be subject to the career offender provision of the Sentencing

3

Guidelines. Those determinations resulted in a substantially decreased Guideline range, and the district court then sentenced Hammett to the middle of that decreased range. As the district court recognized, 240 months of incarceration is a harsh sentence, however that sentence is not "unsupportable as a matter of law," *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (internal quotation marks omitted).

      We have considered the remainder of Handy and Hammett's arguments and find them to be without merit. Accordingly, the judgments of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4