13-1739-cv
*Veeder v. Nutting*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of December, two thousand fourteen.

PRESENT:   José A. Cabranes,
                  Richard C. Wesley,
                  Peter W. Hall,
                           *Circuit Judges.*

---

Donna Veeder, et al.,

     *Plaintiffs-Appellees,*

          v.                                                      No. 13-1739-cv

Steven Nutting, et al.,

     *Defendants-Appellants,*

Robert J. Martin, et al.,

     *Defendants.*

---

**FOR DEFENDANTS-APPELLANTS:**     Jonathan D. Hitsous, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

**FOR PLAINTIFFS-APPELLEES:**             KEITH F. SCHOCKMEL, Albany, NY.

Appeal from the March 29, 2013 and March 26, 2014 orders of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the District Court are **REVERSED** insofar as they denied qualified immunity to defendants Steven Nutting, David Burns, Stephen Hogan, and George Port for the seizure and subsequent search of the suicide notes, and the cause is **REMANDED** for further proceedings consistent with this Order.

Defendants Nutting, Burns, Hogan, and Port appeal from the District Court's March 29, 2013 order granting in part and denying in part defendants' motion for summary judgment, and from its March 26, 2014 order denying defendants' motion for reconsideration. The question on appeal is whether the District Court properly denied qualified immunity as to these defendants under the plain-view doctrine for the search and seizure of suicide notes written by Garry Veeder, the late husband and father of plaintiffs. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a denial of summary judgment on qualified immunity grounds. *Coollick v. Hughes*, 699 F.3d 211, 219 (2d Cir. 2012). Although we generally lack jurisdiction to review a denial of summary judgment, that general rule "does not apply when the summary judgment motion is based on a claim of qualified immunity." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2018–19 (2014). Our jurisdiction, however, is "limited to circumstances where the qualified immunity defense may be established as a matter of law." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted).

Officials operating under color of state law are entitled to summary judgment when they can establish that either "(1) a constitutional right was not violated or (2) the right was not clearly established at the time of the violation." *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014) (internal quotation marks and brackets omitted). "It is well established that under certain circumstances the police may seize evidence in plain view without a warrant." *Horton v. California*, 496 U.S. 128, 134 (1990). Under the plain-view doctrine, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993).

Upon *de novo* review of the record and relevant law, we conclude that the District Court erred in not granting qualified immunity to defendants Nutting, Burns, Hogan, and Port for the seizure of the suicide notes under the plain-view doctrine. The record shows, and plaintiffs essentially concede, that defendants were lawfully in plaintiffs' residence in response to their 911 call requesting

"immediate assistance" when they first saw the suicide notes, and plaintiffs did not object to defendants' initial entry. *See Thompson v. Louisiana*, 469 U.S. 17, 21 (1984). Although the District Court found that there was a factual dispute as to whether plaintiff Donna Veeder later executed, and then revoked, a written consent form to search the house, that issue is immaterial where defendants had already seen the notes while lawfully in plaintiffs' home.

The character of the suicide notes was also "immediately apparent." *Dickerson*, 508 U.S. at 375. Defendants were responding to a 911 call stating that Garry Veeder "had hung" himself. Upon arrival, defendants observed Donna Veeder with a manila folder, and county sheriff's officers, who had arrived earlier, advised defendants that the folder contained suicide notes left by Mr. Veeder. Moreover, Donna Veeder stated to defendants: "[Y]ou and I both know that this is a suicide, this is not a crime, and I want to read my note. I don't know if my husband has left some kind of instructions or last wishes. I will open my letter and read it in front of you." Joint App'x 240. Under these circumstances, defendants had "probable cause" to believe that the manila folder contained suicide notes related to Garry Veeder's death. *United States v. Gamble*, 388 F.3d 74, 76 (2d Cir. 2004). Although plaintiffs contend that the notes were not "incriminating," we are aware of no clearly established law holding that police may not seize suicide notes that are relevant to the investigation of an apparent suicide. *Cf. Earle v. City of Vail*, 146 F. App'x 990, 994 (10th Cir. 2005) ("While the notes were not necessarily incriminating, they were, on their face, directly relevant to the police officers' investigation of [the decedent's] death.") (persuasive but non-precedential unpublished decision under Tenth Circuit Rule 32.1). Accordingly, defendants are entitled to qualified immunity for the seizure of the suicide notes.

The District Court also erred in not granting qualified immunity to defendants Hogan and Port for opening the suicide notes because they did not violate clearly established law. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that courts have "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand"). Although there is a general expectation of privacy in letters and other sealed packages delivered through the mail, *United States v. Jacobsen*, 466 U.S. 109, 114 (1984), we are aware of no clearly established law, and plaintiffs cite none, holding that the police may not subsequently read a person's private papers, the text of which is not in plain view, that have lawfully been seized under the plain-view doctrine. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (holding that law must be sufficiently "particularized" to be clearly established). That is especially true in the particular circumstances presented here, where Donna Veeder offered to read at least one of the notes to the police before it was seized. *See* Joint App'x 240. Although the better practice likely would have been for the police to obtain a warrant, and they likely would have had probable cause for doing so,[1] we cannot say that plaintiffs have identified a right the contours of

---

[1] Defendants opened the letters after an autopsy concluded that the cause of Garry Veeder's death was cardiopulmonary arrest by suicidal hanging, and after defendant Hogan, a state police attorney, concluded that he knew of no law prohibiting police from copying suicide notes as evidence in a death investigation.

which were "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson*, 483 U.S. at 640. Accordingly, defendants are also entitled to qualified immunity with respect to their opening the notes. *See Plumhoff*, 134 S. Ct. at 2023.

Finally, we decline to exercise pendent jurisdiction over plaintiffs' request, raised in its opposition brief and without a cross-appeal, that we grant summary judgment against defendants on the issue of liability.

## CONCLUSION

For the reasons stated above, the March 29, 2013 and March 26, 2014 orders of the District Court are **REVERSED** insofar as they denied qualified immunity to defendants Nutting, Burns, Hogan, and Port for the seizure and subsequent search of the suicide notes, and the cause is **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4