14-3768
*United States v. Jose Roque*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand sixteen.

Present:
      ROBERT A. KATZMANN,
        *Chief Judge*,
      DENNIS JACOBS,
      RICHARD C. WESLEY,
        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                               No. 14-3768

JOSE ROQUE,

    *Defendant-Appellant.*

_____

For Appellee:               RAHUL KALE, Assistant United States Attorney (Tracy Lee Dayton, Assistant United States Attorney, *on the*

*brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

For Defendant-Appellant: MICHAEL R. HASSE, The Hasse Law Firm, New London, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Jose Roque appeals from a judgment of conviction and sentence entered in the United States District Court for the District of Connecticut (Bryant, *J.*). A jury found Roque guilty of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the district court sentenced Roque to 180 months' incarceration, the mandatory minimum term in light of Roque's qualification as an Armed Career Criminal, *see id.* § 924(e)(1). On appeal, Roque argues, first, that the government failed to comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), and, second, that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. We assume the parties' familiarity with the relevant facts and the procedural history of the case.

Under *Brady* and its progeny, "[t]he government has a duty to disclose all material evidence favorable to a criminal defendant." *United States v. Triumph Capital Grp., Inc.*, 544 F.3d 149, 161 (2d Cir. 2008). "[A]s long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply

2

because it did not produce the evidence sooner. There is no *Brady* violation unless there is a reasonable probability that earlier disclosure of the evidence would have produced a different result at trial . . . ." *United States v. Coppa*, 267 F.3d 132, 144 (2d Cir. 2001).

Here, Roque received the evidence that he now claims was suppressed—the positive drug test of a detective who took photos of the scene of Roque's arrest and transported from the scene to the police station the firearm Roque was convicted of possessing—eleven days before the start of the presentation of evidence. That amount of time was sufficient for Roque to make use of the purported impeachment material at trial or to ask for an adjournment, which he declined to do. *See United States v. Douglas*, 525 F.3d 225, 245-46 (2d Cir. 2008) (no *Brady* violation where 290 pages of purported impeachment material was disclosed on the Friday before trial); *cf. United States v. Moreno*, 727 F.3d 255, 262 (3d Cir. 2013) (no *Brady* violation where defendant "did not request a continuance, even though the District Court offered one"). Further, the detective did not testify at trial; the jury was, nevertheless, informed about the detective's involvement in the investigation and his positive drug test; and Roque has not even attempted, other than in vague and conclusory terms, to explain how earlier disclosure would have enabled him to make better use of the evidence and thereby produce a reasonable probability of a different result at trial. Accordingly, we find no violation of Roque's rights under *Brady*.

We also reject Roque's assertion that his sentence of 180 months' imprisonment, the mandatory minimum, violated the Eight Amendment's prohibition of cruel and unusual punishment. "'[T]he Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime,' and in a noncapital case, it is 'exceedingly rare' to uphold a claim

3

that a sentence *within the statutory limits* is disproportionately severe." *United States v. Caracappa*, 614 F.3d 30, 44 (2d Cir. 2010) (quoting *United States v. Yousef*, 327 F.3d 56, 163 (2d Cir. 2003)) (emphasis in original).  We have previously rejected Eighth Amendment challenges to the application of the statutory minimum under the Armed Career Criminals Act. *See, e.g.*, *United States v. Bullock*, 550 F.3d 247, 252 (2d Cir. 2008).  Nothing in Roque's case warrants a different result.  Even if we disregard, as Roque asks, his convictions resulting from *Alford* pleas, *see North Carolina v. Alford*, 400 U.S. 25 (1970), Roque still has, *inter alia*, two previous convictions for assault in the first degree and one conviction each for robbery in the first degree and escape in the first degree.  In light of Roque's recidivism, his sentence of fifteen years' imprisonment for unlawful possession of a firearm does not violate the Eight Amendment. *See United States v. Gamble*, 388 F.3d 74, 77 (2d Cir. 2004) (per curiam) ("[T]he Supreme Court has long recognized the propriety under the Eighth Amendment of subjecting recidivists to enhanced penalties.").

We have considered all of Roque's remaining arguments, and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4