22-304-cr
*United States v. Castro*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      22-304-cr

JOEVANNY VICENTE,

> *Defendant*,

LUIS CASTRO,

> *Defendant-Appellant*.

_____

For Plaintiff-Appellee:                Rahul Kale (Tara E. Levens, Assistant United States Attorney, *on the brief*), Assistant United States Attorney, *on behalf of* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT

For Defendant-Appellant:                    Georgia J. Hinde, Law Office of Georgia J. Hinde, New York, NY

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Luis Castro ("Castro") appeals from the judgment of the United States District Court for the District of Connecticut, convicting him, after a jury trial, of possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), and 18 U.S.C. § 2, and imposing a sentence pursuant to the United States Sentencing Guidelines ("Guidelines") principally of 68 months' imprisonment.   Castro challenges his conviction on the grounds that the evidence was insufficient to support the intent-to-distribute element of § 841(a)(1) beyond a reasonable doubt, and that his 68-month Guidelines sentence was both procedurally and substantively unreasonable.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

*1.  Sufficiency of Evidence*

On review of a jury's verdict, we review a challenge to the sufficiency of the evidence *de novo,* "credit[ing] every inference that could have been drawn in the government's favor, and affirm[ing] the conviction so long as, from the inferences reasonably drawn, the jury might fairly have concluded guilt beyond a reasonable doubt."   *United States v. Klein*, 913 F.3d 73, 78 (2d Cir. 2019) (internal quotation marks and citation omitted).   Here, Castro argues that, irrespective of the 566.1 grams of cocaine mixture seized from his residence, the absence at trial of evidence of ledgers, scales, baggies, packing materials, weapons, or drug conversations related to

2

distribution, compels a finding that he lacked intent to distribute the product. We disagree. Drug Enforcement Administration ("DEA") agents seized several items of drug paraphernalia from Castro's residence, including 2.5 kilograms of "cut," two press machines, a box of press plates, a sifter, a coffee can with a false bottom, and $8,292 in a dresser drawer. DEA Special Agent John Gordon, who was qualified as an expert in narcotics investigations, testified that "[c]ocaine has a price attached to it," and that "usually the person that has that cocaine is looking to redistribute it," by breaking the cocaine apart, adding adulterants "to make the quantity larger," and reselling it for profit. GA 114. Agent Gordon testified further that distributors can use a kilo press to prepare their products for street sales. GA 114, 115. That testimony was consistent both with Special Agent Jonathan Gray's observation that during the search of his home, Castro audibly identified the adulterants as "cut," GA 92, and Special Agent Joelle Ando's testimony that despite Castro's claim that he used the press for automotive purposes, no automotive parts were found near the press or in the residence, GA 77. In addition, the drug paraphernalia was found close to the seized cocaine mixture. One agent testified that a four-foot-tall press machine was merely "[t]hree to four feet" away from a child's lunchbox containing the cocaine mixture "in some kind of brick" form. GA 53–54. Based on this evidence, the jury was permitted to infer that Castro intended to distribute more than 500 grams of cocaine mixture.

The two alternative inferences Castro presents on appeal, as he did to the jury, are both unavailing. As we noted in *United States v. Friedman*, 998 F.2d 53 (2d Cir. 1993), the government's case need not eliminate "every possible hypothesis of innocence." *Id.* at 59 (internal quotation marks omitted). It is the task of the jury, not the court, to choose among competing inferences. *United States v. Stanley*, 928 F.2d 575, 577 (2d Cir. 1991). Castro asserts that the cocaine he possessed was unmarketable both in terms of its quantity and quality—

3

thus supposedly negating any intent on his part to distribute it. But Agent Gordon testified that he had encountered cocaine with purity levels as low as eight percent, and that, in Connecticut, a kilogram of cocaine is valued between $30,000 and $45,000.

On appeal, Castro's personal use argument is also meritless. Castro relies principally on *United States v. Boissoneault*, 926 F.2d 230 (2d Cir. 1991), but *Boissoneault* is distinguishable for two reasons. First, "[a]t the time of his arrest, Boissoneault possessed none of the paraphernalia usually possessed by drug dealers, such as scales, beepers, and other devices." *Id.* at 234. Here, Castro possessed several items synonymous with drug distribution and, simultaneously, lacked paraphernalia normally associated with personal drug use, such as pipes, cigarettes, and cooking implements. *See United States v. Gamble*, 388 F.3d 74, 76 (2d Cir. 2004) (listing, *inter alia*, pipes, cigarettes, cooking implements as personal use paraphernalia). Moreover, the amount of cocaine seized in Castro's case, roughly 40 grams of pure cocaine, far exceeded the quantity in *Boissoneault* or in his other cited cases. *See, e.g.*, *Turner v. United States*, 396 U.S. 398, 401 (1970) (14.68 grams of cocaine); *Boissoneault*, 926 F.2d at 231 (5.31 grams of cocaine); *United States v. Gibbs*, 904 F.2d 52, 58 (D.C. Cir. 1990) (15.5 grams of cocaine); *United States v. Latham*, 874 F.2d 852, 863 (1st Cir. 1989) (approximately 28 grams or 1 ounce of cocaine); *cf. United States v. Levy*, 703 F.2d 791, 793 n.7 (4th Cir. 1983) (explaining that 4.75 ounces of 95% pure cocaine sustains a finding regarding the intent to distribute, and noting the need to "rule out" mere possession).

Accordingly, when viewing the evidence in its totality, *see United States v. Mariani*, 725 F.2d 862, 865–66 (2d Cir. 1984), and drawing all permissible inferences in the government's favor, *see United States v. Sureff*, 15 F.3d 225, 228 (2d Cir. 1994), we conclude that the evidence was sufficient to support the jury's finding beyond a reasonable doubt that Castro possessed cocaine

with an intent to distribute, *see United States v. Dupree*, 870 F.3d 62, 78 (2d Cir. 2017) (noting that the sufficiency standard of review is "exceedingly deferential" (internal quotation marks omitted)).

### 2. *Reasonableness of Sentence*

Castro next challenges the reasonableness of his Guidelines sentence by arguing that the district judge improperly sentenced him to the higher end of the Guidelines range of 60 to 71 months, failed to consider the low purity of the cocaine as a factor, and imposed a sentence that was disproportionate relative to his 18-month sentence in 2011 for serious drug-related conduct. These arguments are without merit. A district court procedurally errs when it "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C. ]§ 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013). Castro concedes that the district court "made appropriate corrections to the Guideline adjustments," and "correctly comput[ed] the Guideline range." Appellant Br. 22–23. The district court explained that it "consider[ed] all the factors" outlined in § 3553(a), though it only discussed the factors it found most compelling, such as the seriousness of Castro's offense and the need for deterrence. A 56. To the extent Castro asserts that the district court failed to consider the purity of the cocaine mixture by calling it a "neutral factor" in the sentence calculation, Castro cites no authority for the proposition that purity must be considered for purposes of a sentence determination. And Castro ignores portions of the sentencing proceeding in which the district judge heard arguments from both parties on the purity issue before concluding that the arguments cancelled each other out, rendering the issue a "neutral

5

factor." For at least these reasons, we discern no procedural error in the court's decision to impose a 68-month sentence.

Insofar as Castro challenges the substantive reasonableness of his sentence on the grounds that it was greater than necessary and disproportionate to his prior sentence for a serious drug offense, this argument is also unavailing. Substantive error exists if a district court's sentence "cannot be located within the range of permissible decisions." *Chu*, 714 F.3d at 746. The court viewed the calculated Guidelines range as likely "understat[ing] the seriousness of Mr. Castro's conduct," noting, for example, that Castro "had two very large presses" indicating a "large-scale, ongoing drug distribution effort" and "young children who . . . had ready access to potentially deadly drugs." A 33. The court also indicated that Castro "need[ed] to be deterred." A 57. In any event, as the Government argues, the eight-month difference between Castro's 68-month Guidelines sentence and the mandatory minimum of 60 months "does not render the court's 68-month sentence unreasonable." Gov't Br. 37. Accordingly, it was not beyond the range of permissible decisions for the district court to impose a sentence of 68 months' imprisonment.

\* \* \*

Castro has not overcome the "heavy burden" of showing that the evidence was insufficient for the jury to find that he possessed cocaine with intent to distribute. *Dupree*, 870 F.3d at 78 (internal quotation marks omitted). Nor has he proven that his within-Guidelines sentence was procedurally or substantively unreasonable. We have considered Castro's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6